IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-41,775-02






EX PARTE TIMOTHY COCKRELL









ON APPLICATION FOR WRIT OF HABEAS CORPUS

IN CAUSE NO. 1992-CR-6426-W2 IN THE 226TH 

JUDICIAL DISTRICT COURT OF BEXAR COUNTY





 Per curiam. 



O R D E R



 This is a post conviction application for a writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 In July 1993, a jury found applicant guilty of the offense of capital murder. The jury
also answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071 in favor of the State, and the convicting court, accordingly, set applicant's
punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Cockrell v. State, 933 S.W.2d 73 (Tex. Crim. App. 1996). Applicant filed his initial
post-conviction application for writ of habeas corpus in the convicting court on July 21,
1997. This Court subsequently denied Applicant relief. Ex parte Cockrell, No. WR-41,775-01 (Tex. Crim. App. delivered Sept. 22, 1999) (not designated for publication). Applicant
later filed this subsequent application for a writ of habeas corpus in the convicting court on
January 19, 2005, arguing that he is mentally retarded and cannot be executed after the
United States Supreme Court's decision in Atkins v. Virginia, 536 U.S. 304 (2002) (holding
that the death penalty is excessive punishment for a mentally retarded criminal). The
convicting court forwarded the application to this Court as required by Texas Code of
Criminal Procedure article 11.071, section 5(b), and finding that the subsequent writ
application met the requirements of section 5(a), this Court remanded it to the convicting
court for findings and conclusions on the claim. The convicting court conducted an
evidentiary hearing and has entered findings of fact and conclusions of law recommending
that relief be denied.

 After reviewing these findings and conclusions and the record from both the writ
application and the trial, this Court is remanding this subsequent writ application to the
convicting court to enter additional findings of fact and conclusions of law. Specifically, the
convicting court shall enter additional findings and conclusions addressing the discrepancies
between its earlier finding of mental retardation in regard to the voluntariness of applicant's
confession and its current finding that applicant has failed to demonstrate by a preponderance
of the evidence that he is mentally retarded. The convicting court shall also enter any other
findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of applicant's claim. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), this application for a post-conviction writ of habeas corpus
will be held in abeyance pending the trial court's compliance with this order. Within 120
days of the date of this order, the trial court shall resolve these issues and have the clerk
forward the record to this Court. (1) 

 IT IS SO ORDERED THIS THE 1st DAY OF OCTOBER, 2008.

Do Not Publish
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.